# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TRUSTEES AND FIDUCIARIES of the IRON WORKERS DISTRICT COUNCIL (PHILADELPHIA AND VICINITY) BENEFIT AND PENSION PLANS, 1807 Spring Garden St. Philadelphia, PA   19130, | : : : : : : : | **CIVIL ACTION NO.** |
| IRON WORKERS DISTRICT COUNCIL (PHILADELPHIA AND VICINITY) PENSION PLAN, 1807 Spring Garden St. Philadelphia, PA   19130, | : : : : : : | |
| IRON WORKERS DISTRICT COUNCIL (PHILADELPHIA AND VICINITY) BENEFIT PLAN 1807 Spring Garden St. Philadelphia, PA   19130, | : : : : : : | |
| TRUSTEES AND FIDUCIARIES of the INTERNATIONAL ASSOCIATION OF BRIDGE, STRUCTURAL, ORNAMENTAL AND REINFORCING IRON WORKERS'S LOCAL UNION NO. 404 ANNUITY FUND, APPRENTICE TRAINING FUND, AND IPAL 981 Peifers Lane. Harrisburg, PA 17109, | : : : : : : : : : | |
| INTERNATIONAL ASSOCIATION OF BRIDGE, STRUCTURAL, ORNAMENTAL AND REINFORCING IRON WORKERS' LOCAL UNION NO. 404 ANNUITY FUND, 981 Peifers Lane Harrisburg, PA 17109, | : : : : : : : | |
| INTERNATIONAL ASSOCIATION OF BRIDGE, STRUCTURAL, ORNAMENTAL AND REINFORCING IRON WORKERS' LOCAL UNION NO. 404 APPRENTICE TRAINING FUND, 981 Peifers Lane Harrisburg, PA 17109, | : : : : : : : : | |

| | |
|---|---|
| INTERNATIONAL ASSOCIATION OF BRIDGE, STRUCTURAL, ORNAMENTAL AND REINFORCING IRON WORKERS' LOCAL UNION NO. 404 IPAL<br>981 Peifers Lane<br>Harrisburg, PA 17109, | : <br> : <br> : <br> : <br> : <br> : <br> : |
| UNION IRON WORKER EMPLOYERS ASSOCIATION OF CENTRAL PENNSYLVANIA INDUSTRY ADVANCEMENT FUND<br>PO Box 4745<br>Harrisburg, PA 17110, | : <br> : <br> : <br> : <br> : <br> : |
| and | : |
| INTERNATIONAL ASSOCIATION OF BRIDGE, STRUCTURAL, ORNAMENTAL AND REINFORCING IRON WORKERS' LOCAL UNION NO. 404<br>981 Peifers Lane<br>Harrisburg, PA 17109,<br>       *Plaintiffs,* | : <br> : <br> : <br> : <br> : <br> : <br> : |
| v. | : |
| INNER CITY STEEL, LLC.<br>19 Flora Drive<br>Peckville, PA 18452 | : <br> : <br> : |
| and | : |
| ROBERT BARTON,<br>19 Flora Drive<br>Peckville, PA 18452<br>       *Defendants.* | : <br> : <br> : <br> : |

# COMPLAINT

## INTRODUCTION

1. This is an action to collect delinquent employee benefit fund contributions due under a collective bargaining agreement pursuant to the Employee Retirement Income Security Act

of 1974, as amended ("ERISA"), 29 U.S.C. §1001 et. seq. and the Labor Management Relations Act of 1947, as amended ("LMRA"), 29 U.S.C. §185.

## JURISDICTION AND VENUE

2. The jurisdiction of this Court is invoked pursuant to Sections 502(a)(3)(B), (d)(1) and (f) and 4301(a)(1), (b) and (c) of ERISA, 29 U.S.C. §§1132 (a)(3)(B), (d)(1) and (f) and §1451(a)(1), (b) and (c), respectively, and Section 301(a) of the LMRA, 29 U.S.C. §185(a).

3. This Court is one of proper venue under ERISA §§4502(e)(2) and 4301(d), 29 U.S.C. §§1132(e)(2) and 1451(d), respectively, because the Iron Workers District Council (Philadelphia and Vicinity) Health Fund and Pension Fund ("District Council Funds") are administered in the Eastern District of Pennsylvania.

## PARTIES AND BACKGROUND

4. Plaintiffs Iron Workers District Council (Philadelphia and Vicinity) Pension Plan and the Iron Workers District Council (Philadelphia and Vicinity) Benefit Plan (collectively, the "District Council Funds") are trust funds established under 29 U.S.C. § 186(c)(5) and are "multiemployer plans" and "employee benefit plans" within the meaning of 29 U.S.C. § 1002(37), (1), (2) and (3).

5. Plaintiffs Trustees of the Iron Workers District Council (Philadelphia and Vicinity) Benefit and Pension Plan (hereinafter the "District Council Trustees") are trustees and fiduciaries for the District Council Funds within the meaning of 29 U.S.C. §1002(21). They are authorized to bring this action on behalf the District Council Funds.

6. Plaintiffs International Association of Bridge, Structural, Ornamental and Reinforcing Iron Workers' Local Union No. 404 Annuity Fund ("Annuity Fund"), International Association of Bridge, Structural, Ornamental and Reinforcing Iron Workers' Local Union No. 404

Apprentice Training Fund ("Apprentice Fund"), International Association of Bridge, Structural, Ornamental and Reinforcing Iron Workers' Local Union No. 404 IPAL ("IPAL") (collectively "404 Benefit Funds") are trust funds established under 29 U.S.C. § 186(c)(5) and "multiemployer plans" and "employee benefit plans" within the meaning of 29 U.S.C. § 1002(37), (1), (2) and (3).

7. Plaintiff Union Iron Worker Employers Association of Central Pennsylvania Industry Advancement Fund ("Industry Fund") is a fund established by the Iron Worker Employers Association of Central Pennsylvania for the purpose of fostering and advancing the interests of iron workers in Central Pennsylvania and the surrounding region.

8. Plaintiffs Trustees of the 404 Benefit Funds are trustees and fiduciaries for the 404 Benefit Funds within the meaning of 29 U.S.C. §1002(21). They are authorized to bring this action on behalf of the 404 Benefit Funds.

9. Plaintiff International Association of Bridge, Structural, Ornamental, and Reinforcing Iron Workers' Local Union No. 404 ("Local 404") is an unincorporated association commonly referred to as a labor union.

10. The Plaintiffs maintain business addresses as listed in the caption of this Complaint.

11. Defendant Inner City Steel ("Employer") is an employer in an industry affecting commerce within the meaning of 29 U.S.C. §§152(2), (6) and (7), 1002(5), (11) and (12) which maintains or maintained the business address listed in the caption of this Complaint.

12. Upon information and belief, Robert Barton ("Barton") is or was a controlling owner of Employer. Mr. Barton maintains the business address listed in the caption of this Complaint.

13. Upon information and belief, Defendant Barton is or was an officer of Employer with control over the assets of the company.

14. Iron Workers' Local Union No. 489 (Local 489) was a predecessor union that was merged into Local 404 in or around January 1, 2017.

15. At all times relevant hereto the Employer was a party to a series of collective bargaining agreements (CBAs) with Local 489 and Local 405 whereby it agreed:

    a) make full and timely payments to the Benefit Funds, Industry Fund, and the District Council Funds for employees engaged in work covered by the CBA;

    b) to make certain contributions and/or payments to the District Council Funds, Benefit Funds and Industry Fund based on the number of compensated hours accrued by each such employee;

    c) to produce, upon request by the Trustees or Administrator of any Funds herein all employer books and records deemed necessary to conduct an audit of the Employer's record concerning its obligations to the District Council, Benefit Funds, and Industry Fund; and,

    d) to pay interest and liquidated damages and all costs of litigation, including attorneys' fees, expended by the Benefit Funds, Industry Fund, and District Council Funds to collect any amounts due as a consequence of the Employer's failure to comply with its contractual obligations as described in Article VIII of the collective bargaining agreement.

A true and correct copy of the 2015-2018 Local 489 CBA attached as Exhibit A and the true and correct copy of the 2017 Local 404 CBA attached as Exhibit B.

16. The Plaintiffs, pursuant to their rights, audited the Employer and issued an audit report for the period January 2017 – December 2018 on June 10, 2019. Exhibit C, a true and correct copy of the June 10, 2019 Report.

17. This audit was revised based on information from the Employer and an updated audit summary page was ultimately issued on July 31, 2020. Exhibit D, a true and correct copy of the July 31, 2020 Report.

18. Based on available information, the 404 Benefit Funds, District Council Funds, the Employer and Barton entered into a payment agreement in February 2020. Exhibit E, a true and correct copy of the February 2020 Settlement Agreement.

19. Under this Agreement, the Employer and Barton were obligated to pay eleven monthly payments of $4,600.00 and a final monthly payment to resolve outstanding interest.

20. If these twelve-monthly payments were timely received, the 404 Benefit Funds and the District Council agreed to waive liquidated damages, attorneys' fees and costs.

21. The Employer and Barton made a series of payments totaling $18,700.00, reducing the principal balance from $33,820.65 to $15,120.64.

22. Thus, for the period of January 2017 through December 2018, the Employer and Barton owe $15,120.64 in principal.

23. Further, as they failed to timely resolve the settlement agreement, the Employer and Barton owe ongoing interest at the rate of 18%, liquidated damages, and attorney's fees. See Exhibit B, Exhibit E, and Section 502(g)(2)(B), (C) and (D) of ERISA, 29 U.S.C. §1132(g)(2)(B), (C), and (D).

24. The Plaintiffs then authorized a second audit for the period of January 1, 2019 through December 31, 2020.

25. Based on that audit, the Employer failed to make significant contributions during this period and owes the following in principal contributions:

    a. To the District Council Funds: $163,248.25

      b. To the 404 Benefit Funds, Industry Fund, and Local 404: $75,597.71

See Exhibit F, a true and correct copy of the November 29, 2021 Audit Report.

## COUNT I
### *Plaintiffs v. Defendant Inner City Steel, Inc.*

26. The above paragraphs are incorporated herein by reference as though duly set forth at length.

27. From in or around January 1, 2017 until in or around December 2020, the Employer employed certain employees covered by the collective bargaining agreement for projects in the territory of Local 404.

28. Although the Employer paid the employees' wages, it failed to pay contributions and to remit certain payments to the District Council Funds, Benefit Funds and Industry Fund.

29. The principal contribution amounts due and owing are as follows:

      a. For the period of January 2017 – December 2018: $15,120.64 to the District Council Funds, 404 Benefit Funds, Industry Fund, and Local 404;

      b. For the period of January 2019 – December 31, 2020:

            i. To the District Council Funds: $163,248.25

            ii. To the 404 Benefit Funds, Industry Fund, and Local 404: $75,597.71.

Exhibits B, D, E, and F.

30. Defendant Employer has failed and refused to pay the amounts due.

31. In addition to the principal delinquency, the Defendant Employer owes interest, liquidated damages, and attorneys' fees and costs pursuant to the terms of the collective bargaining agreement, the settlement agreement and Section 502(g)(2)(B), (C) and (D) of ERISA, 29 U.S.C. §1132(g)(2)(B), (C), and (D).

**WHEREFORE**, Plaintiffs ask that the Court:

      1) Enter judgment in favor of the Plaintiffs and against Defendant Inner City

      Steel, Inc. for principal contributions as follows:

        a. For the period of January 2017 – December 2018: **$15,120.64** to the District Council Funds, 404 Benefit Funds, Industry Fund, and Local 404;

        b. For the period of January 2019 – December 31, 2020:
           i. To the District Council Funds: **$163,248.25**
           ii. To the 404 Benefit Funds, Industry Fund, and Local 404: **$75,597.71**

2) Enter judgment in favor of the Plaintiffs and against the Defendant Inner City Steel, Inc. for interest on the amounts awarded in paragraph (1) as a rate of 1.5% per month pursuant to Article VIII Section 9.A of the collective bargaining agreement and 29 U.S.C. §1132(g)(2)(B),

3) Enter judgment in favor of the Plaintiffs and against the Defendant Inner City Steel, Inc. for liquidated damages equal to the greater of: (i) 20% of the delinquent principal awarded above in (a) or (ii) and amount equal to the interest awarded above in (b) pursuant to Article VIII, Section 9.D of the collective bargaining agreement and 29 U.S.C. §1132(g)(2)(C),

4) Enter judgment in favor of the Plaintiffs and against the Defendant Inner City Steel, Inc. for attorneys' fees and costs pursuant to Article VIII, Section 9.D of the collective bargaining agreement and 29 U.S.C. § 1132(g)(2)(D),

5) Grant any other further relief the court finds just and proper.

## COUNT II
### *Plaintiffs v. Defendant Robert Barton*

32. The above paragraphs are incorporated herein by reference as though duly set forth at length.

33. Defendant Barton is or was responsible for preparing, reviewing, authorizing payment and submitting monthly reports and contributions to the Plaintiffs for Defendant Employer. In this capacity, Defendant Barton exercised control over the disposition of money that became a plan asset immediately upon the date Defendant Employer's obligation to contribute arose.

34. As set forth in the collective bargaining agreement, "[a]ll sums due the trust fund pursuant to this Collective Bargaining Agreement shall be an asset of, and be vested in, the trust fund when due. The employer signatory hereto shall not have any legal or equitable right, title or

interest in contributions to the trust funds when due, and any and all contributions as of the due date shall be considered trust fund assets." (Exhibit B, Article VIII, Section 9.F)

35. Defendant Barton exercised discretionary authority and/or discretionary control respecting the management and/or disposition of assets of the District Council Funds and 404 Benefit Funds.

36. As a result of exercising control and management over Fund assets, Defendant Barton is a fiduciary under ERISA. 29 U.S.C. §1002(21)(A)(1).

37. Under ERISA, a fiduciary is required to "discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries... for the exclusive purpose of... providing benefits to [them]." 29 U.S.C. §1104(a)(1).

38. As set forth in this Complaint, Defendant Barton and Defendant Employer failed to timely pay monies owed as a condition of the repayment agreement when due and owing to the District Council Funds, 404 Benefit Funds, the Industry Fund, and Local 404.

39. By failing to make contributions when due and owing, Defendant Barton withheld assets of the District Council Funds and the 404 Benefit Funds.

40. Under ERISA, "any person who is a fiduciary with respect to the plan who breaches any one of the responsibilities, obligations, or duties imposed upon fiduciaries" is personally liable "to make good to such plan any losses to the plan resulting from each such breach, and to restore the plan any profits of such fiduciary which have been made through the use of assets of the plan by the fiduciary..." 29 U.S.C. §1109(a).

41. As such, Defendant Barton is personally liable for the delinquency discussed in Count I of the complaint.

    **WHEREFORE**, Plaintiffs ask that the Court:

1) Enter judgment in favor of the Plaintiffs and against Defendant Barton for principal contributions as follows:

    a. For the period of January 2017 – December 2018: the portions of the **$15,120.64** attributable to the District Council Funds and 404 Benefit Funds;

    b. For the period of January 2019 – December 31, 2020:
        iii. To the District Council Funds: **$163,248.25**
        iv. To the 404 Benefit Funds: The portions of the **$75,597.71** in principal attributable to the Local 404 Benefit Funds.

2) Enter judgment in favor of the Plaintiffs and against the Defendant Barton for interest on the amounts awarded in paragraph (1) as a rate of 1.5% per month pursuant to Article VIII Section 9.A of the collective bargaining agreement and 29 U.S.C. §1132(g)(2)(B),

3) Enter judgment in favor of the Plaintiffs and against the Defendant Barton for liquidated damages equal to the greater of: (i) 20% of the delinquent principal awarded above in (a) or (ii) and amount equal to the interest awarded above in (b) pursuant to Article VIII, Section 9.D of the collective bargaining agreement and 29 U.S.C. §1132(g)(2)(C),

4) Enter judgment in favor of the Plaintiffs and against the Defendant Barton for attorneys' fees and costs pursuant to Article VIII, Section 9.D of the collective bargaining agreement and 29 U.S.C. § 1132(g)(2)(D),

5) Grant any other further relief the court finds just and proper.

CLEARY & JOSEM LLP

BY: */s/ Ryan R. Sweeney*
JOSEPH T. CLEARY, ESQUIRE
RYAN R. SWEENEY, ESQUIRE
Cleary Josem & Trigiani
325 Chestnut Street, Suite 200
Philadelphia, PA 19106
(215) 735-9099

Dated: April 12, 2022